| | |
|---|---|
| Law Office of Patrick Flanigan | Attorney for Plaintiffs |
| By:  Patrick Flanigan | |
| PA Attorney No.:  92794 | |
| P.O. Box 42, Swarthmore, PA  19081-0042 | |
| Tel:  (484) 904-7795   Email:  Pat@lawofficepf.com | |

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA (Philadelphia)**

| | | |
|---|---|---|
| OLA FAJINMI | § | |
| 1611 Apple Street | § | |
| Upper Chichester, PA 19061, | § | CIVIL ACTION NO.:_____ |
|     and | § | |
| OTHERS SIMILARLY SITUATED | § | |
|         Plaintiffs, | § | |
| | § | |
|    v. | § | |
| | § | |
| BANK OF AMERICA (BOA) | § | JURY TRIAL REQUESTED |
| 990 Baltimore Pike | § | |
| Glen Mills, PA 19342-1012 | § | |
|     and | § | |
| MATTHEW SOUBIK | § | |
| c/o BOA | § | CLASS ACTION |
|     and | § | |
| THERESA ANDREWS | § | |
| c/o BOA, | § | |
|         Defendants. | § | |

## NOTICE TO PLEAD

You have been sued in court.  If you wish to defend against the claims set forth in the following pages. You must take **action within twenty (20) days** after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, THEN GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.**

PHILADELPHIA BAR ASSOCIATION
**LAWYER REFERRAL AND INFORMATION SERVICE**

ONE READING CENTER
PHILADELPHIA, PENNSYLVANIA, 19107
**TELEPHONE: (215) 238-1701**

If you are looking for an attorney in a county listed below, then contact that county bar association's lawyer referral service (LRS) directly.

- Allegheny County, Pittsburgh: (412) 261-5555
- Beaver County, Beaver: (724) 728-4888
- Berks County, Reading: (610) 375-4591
- Blair County, Hollidaysburg: (814) 693-3090
- Bucks County, Doylestown: (215) 348-9413, (800) 991-9922
- Chester County, West Chester: (610) 429-1500
- Cumberland County, Carlisle: (717) 249-3166
- Dauphin County, Harrisburg,: (717) 232-7536
- Delaware County, Media: (610) 566-6625
- Erie County, Erie: (814) 459-4411
- Lackawanna County, Scranton: (570) 969-9600
- Lancaster County, Lancaster: (717) 393-0737
- Lehigh County, Allentown: (610) 433-7094
- Luzerne County, Wilkes-Barre: (570) 822-6029
- Mercer County, Mercer: (724) 342-3111
- Monroe County, Stroudsburg: (570) 424-7288
- Montgomery County, Norristown: (610) 279-9660
- Northampton County, Easton: (610) 258-6333
- Philadelphia County, Philadelphia: (215) 238-1701
- Washington County, Washington: (724) 225-6710
- Westmoreland County, Greensburg: (724) 834-8490
- York County, York: (717) 854-8755

Law Office of Patrick Flanigan                                         Attorney for Plaintiffs
By:  Patrick Flanigan
PA Attorney No.:  92794
P.O. Box 42, Swarthmore, PA  19081-0042
Tel:  (484) 904-7795   Email:  Pat@lawofficepf.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA (Philadelphia)

| | | |
|---|---|---|
| OLA FAJINMI<br>1611 Apple Street<br>Upper Chichester, PA 19061,<br>   and<br>OTHERS SIMILARLY SITUATED<br>          Plaintiffs, | §<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO.:_____ |
| v. | §<br>§ | |
| BANK OF AMERICA (BOA)<br>990 Baltimore Pike<br>Glen Mills, PA 19342-1012<br>   and<br>MATTHEW SOUBIK<br>c/o BOA<br>   and<br>THERESA ANDREWS<br>c/o BOA,<br>          Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | JURY TRIAL REQUESTED<br><br><br><br><br>CLASS ACTION |

## CLASS ACTION COMPLAINT – CIVIL ACTION

Ola Fajinmi and other similarly situated individuals, (Collectively, the "Plaintiffs"), by and through the undersigned counsel, bring this class action against Bank of America, Matthew Soubik, and Theresa Andrews (Collectively, the "Defendants").  In support hereof, Plaintiffs aver as follows:

**I.      INTRODUCTION**

Plaintiffs allege violations of and seek redress of all rights and privileges pursuant to the Family and Medical Leave Act, as amended 2008 (FMLA), 29 U.S.C. § 2601 et seq.

**II.     STATUTES, JURISDICTION AND VENUE**

1. The above mentioned paragraphs are incorporated as if set forth more fully herein.

2. Jurisdiction is conferred upon this Honorable Court by 28 U.S.C. § 1337 relating to "any civil action or proceeding arising out of any act of Congress regulating commerce," 28 U.S.C. § 1343(4), and 28 U.S.C. § 1331. This action is authorized and instituted pursuant to the Family Medical Leave Act, 29 U.S.C. § 2601 et seq. Plaintiff demands judgment in excess of One Hundred Fifty Thousand Dollars ($150,000.00).

3. Venue is appropriately laid in the United States District Court for the Eastern District of Pennsylvania, pursuant to 28 U.S.C. § 1391(b), because all the parties regularly conduct business within this district and the acts complained of by Plaintiff Fajinmi arose therein.

### III. PARTIES

4. Ola Fajinmi (Plaintiff Fajinmi) is an adult individual who currently resides at 1611 Apple Street, Upper Chichester, PA 19061. At all times material hereto, Plaintiff was a citizen of the United States, resided in the Commonwealth of Pennsylvania and an employee of Defendant Bank of America.

5. Defendant Bank of America (Defendant BOA) is a name for an entity maintaining an office and conducting business at 990 Baltimore Pike, Glen Mills, PA 19342-1012 and, at all times material hereto, also transacted business in Delaware County, Pennsylvania and employed Plaintiffs.

6. OTHERS SIMILARLY SITUATED are the class of Plaintiffs, who are citizens of the United States, an employee or former employee of Defendant Bank of America working at 990 Baltimore Pike, Glen Mills, PA, and who were terminated because they were pregnant.

7. Matthew Soubik (Defendant Soubik) is an adult individual, who was in a supervisory

position over the Plaintiffs on behalf of Defendant BOA at 990 Baltimore Pike, Glen Mills, PA.

8. Theresa Andrews (Defendant Andrews) is an adult individual, who was in a supervisory position over the Plaintiffs on behalf of Defendant BOA at 990 Baltimore Pike, Glen Mills, PA.

## V. FACTS OF PLAINTIFF FAJINMI

9. On or about August 20, 2007, Plaintiff Fajinmi was hired by Defendant BOA to work at 990 Baltimore Pike, Glen Mills, PA.

10. During July – August 2010, Plaintiff Fajinmi told Defendant Soubik that she was pregnant.

11. During October 2010, Plaintiff Fajinmi told Defendant Andrews that she was pregnant.

12. Plaintiff Fajinmi was scheduled to begin maternity leave during March 2011.

13. During the time of pregnancy, Defendant Soubik frequently made discriminatory remarks regarding Plaintiff Fajinmi's pregnancy. Such as:

   a. When Plaintiff Fajinmi approached Defendant Soubik to inform him that she was pregnant, Defendant Soubik stated "don't tell me you are pregnant too" and characterized Plaintiff Fajinmi's pregnancy as "wrong";

   b. Defendant Soubik stated that he regretted having too many women on his team because they all became pregnant around the same time. Also stated that Defendant Andrews would not be happy to learn that Plaintiff Fajinmi was pregnant;

   c. that being pregnant was a "mistake" because Defendant BOA had just opened a new banking center;

   d. stated that Plaintiff Fajinmi was "making a mistake" by choosing pregnancy over her career;

   e. that Plaintiff Fajinmi should "make up her mind" as to whether she wanted to be a mother or join the corporate market;

      f.      Defendant Soubik displayed displeasure when Plaintiff Fajinmi disclosed that she would take the full 90 days for maternity leave;

      g.      Defendant Soubik complained that he "would have to work every Saturday" if he were unable to find a replacement for Plaintiff Fajinmi; and

      h.      Defendant Soubik frequently commented that Plaintiff Fajinmi was "too old" to be pregnant and on one occasion criticized Plaintiff Fajinmi for a fainting spell on the job.

14.    On February 8, 2011, Plaintiff Fajinmi received a favorable work performance evaluation. The Defendants' findings were that Plaintiff Fajinmi "exceeded expectations" and Plaintiff Fajinmi was to receive a pay raise.

15.    On February 9, 2011, Plaintiff Fajinmi was fired by Defendants Soubik and Andrews.

## VI.    FACTS COMMON AMONG PLAINTIFFS

16.    Plaintiffs were pregnant women.

    A.    <u>Pursuant to Fed. R. Civ. P. 23(a), Plaintiffs allege as follows:</u>

    (1)    The class of pregnant women is so numerous that joinder is impracticable. In addition, the Defendants have exclusive knowledge of the class members.

    (2)    There are both questions of law and fact common to class members, as set forth in the Counts.

    (3)    The claims of Plaintiffs are typical of the claims for all the classes. There is substantial commonality among class members.

    (4)    The representative parties will fairly and adequately protect the interests of the class because this is a case where personal self-interest is uniform and consistent with the interest of the whole. If Plaintiff Fajinmi is successful that will benefit members of the class as a whole.

    B.    <u>Pursuant to Fed. R. Civ. P. 23(b), Plaintiffs allege as follows:</u>

(1)(A)  It is likely incompatible outcomes will result with individual adjudications. Whereas, this class action will likely result in more consistent and equitable treatment of class members.

(1)(B)  Class adjudication would be dispositive of the interests of all class members.

(2)  The primary relief sought is monetary.

(3)  The counts averred in this complaint contain both fact and law common to class members that predominate over any individual, thus making a class action superior.

## COUNTS I & II

## FAMILY AND MEDICAL LEAVE ACT, AS AMENDED 2008, 29 U.S.C. §2601 *et seq*.

### INTERFERENCE (Count I) and RETALIATION (Count II)
### OLA FAJINMI V.  ALL DEFENDANTS

17.  The above-mentioned paragraphs are incorporated as if set forth more fully herein.

18.  Pursuant to 29 U.S.C. §2611(2)(A) and 29 U.S.C. §2612(a)(1)(D), Plaintiffs were eligible for Family and Medical Leave.

19.  At all times material hereto, Plaintiffs believe that Defendant BOA had at least 50 employees including volunteers for 20 or more calendar work weeks during the pertinent year or the preceding year within 75 mile radius.

20.  Plaintiffs were employed for at least 12 months and worked at least 1,250 hours during the 12 months preceding the leave of absence, or Plaintiffs were otherwise qualified under the employer's maternity, medical or personal leave policies.

21.  Plaintiffs have statutory rights to be free from interference and retaliation under the Family and Medical Leave Act, 29 U.S.C.A. §2601 et seq., which Defendants violated.

22.  As a direct and proximate result of Defendants unlawful interference and retaliation,

      Plaintiffs have been deprived of economic and non-economic benefits including, but not limited to, wage loss, pain and suffering, mental anguish, humiliation, loss of fringe benefits, painful embarrassment among family, friends and co-workers, disruption of personal life and loss of enjoyment of the ordinary pleasures of life.

23. Defendants' acts were willful, wanton, malicious, and oppressive and with reckless disregard for Plaintiffs' federally protected rights justifying punitive damages.

24. Plaintiffs demand favorable judgment against Defendants for all equitable relief including, but not limited to: reinstatement to job position, full restoration of all leave and health benefits and any additional unpaid leave up to the maximum permitted by the FMLA including, but not limited to, doubling the damages proven inclusive of all wages, salary, employment benefits or other compensation denied or lost.

25. Plaintiffs further demand favorable judgment for all interest on the monetary benefits calculated at the prevailing rate, an additional amount equal to those sums, as liquated damages under 29 U.S.C.A. §2617(a)(3), fees and costs including the allowance of reasonable attorney fees, expert witness fees and other costs of the action and such other orders and further relief as may be necessary and appropriate.

26. In addition, Defendant BOA had an employee handbook and failed to provide Plaintiffs the benefits provided therein.

      **WHEREFORE**, Plaintiffs demand judgment against Defendants for all available equitable relief, plus all past and present wages, salary, employment benefits or other compensation denied or lost by reason of the violations.  Further, Plaintiffs seek punitive damages plus counsel fees, costs and other relief as deemed appropriate by the Court.

Date:  January 25, 2013.                       By:  _____
                                                                For CMS/ECF:  /s/Patrick Flanigan
                                                                Patrick Flanigan
                                                                Attorney for Plaintiff